# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE ZIEMBA, III,

      Plaintiff,

      v.

LACKAWANNA COUNTY
SHERIFF'S DEPARTMENT, et al.,

      Defendants.

CIVIL ACTION NO. 3:24-CV-01586

(SAPORITO, J.)

## MEMORANDUM

The plaintiff initiated this case by way of a writ of summons filed with the Court of Common Pleas of Lackawanna County on August 9, 2024. (Doc. 1). On September 13, 2024, the plaintiff filed a complaint against the defendants, and on September 19, 2024, the defendants filed a notice of removal to this court. (*Id.*). On September 27, 2024, the defendants then filed a partial motion to dismiss the plaintiff's complaint (Doc. 4) which is before us for disposition. The matter has been briefed by all parties. (Doc. 5; Doc. 13; Doc. 16). For the reasons set forth herein, we will grant the motion.

## I.    Background[1]

On or about August 13, 2022, the plaintiff attended an event called Froggy Fest 2022 at Montage Mountain, Moosic, Lackawanna County. Before entering the concert venue, the plaintiff was involved in a physical altercation with an unidentified individual. The plaintiff alleges that he sustained injuries to his nose and right shoulder. The plaintiff then presented himself to the medical tent at the concert venue for an examination of his injuries. The working emergency medical personnel informed the plaintiff that he should either allow an ambulance to transport him to a hospital or transport himself because there was nothing they could do from a medical standpoint. The plaintiff then called his parents to take him to the hospital. While waiting, the plaintiff conversed with Lackawanna County Deputy Sheriff John Ehnot about the previous physical altercation. Deputy Sheriff Ehnot then proceeded to leave the tent. The plaintiff attempted to leave the medical tent to reengage Deputy Sheriff Ehnot, or another sheriff, concerning the earlier altercation in the parking lot. Medical

---

[1] Unless indicated otherwise, all facts are taken from the plaintiff's complaint. (Doc. 1-1).

personnel tried to prevent the plaintiff from leaving the medical tent, at which point Deputy Sheriff Ehnot reentered the medical tent and subdued the plaintiff. The plaintiff alleges that the Deputy Sheriff "delivered a closed palm strike to Plaintiff's shoulder knowing it to be a potentially injured region of the Plaintiff's body," "tackled [the plaintiff] to the ground and mounted Plaintiff," and "held this position for an extended time before shifting his weight toward Plaintiff's neck." (Doc. 1-1, ¶¶ 34–36). The plaintiff additionally alleges that he was "injected in the buttock with a needle containing some sort of substance, presumably for the purpose of sedating him." (*Id.*, ¶ 38). The plaintiff was then detained and transported to the hospital. The plaintiff has alleged that he sustained a right shoulder injury which required surgery, suffered mental and emotional injuries, and incurred medical bills and expenses. Moreover, he alleges that he lost profits and wages for which he seeks damages. The plaintiff additionally seeks an award for attorney's fees and punitive damages.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public records of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018);

*Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III.   Discussion

The defendants have moved for partial dismissal of the complaint. First, the defendants contend that the Lackawanna County Sheriff's Department is not a proper defendant and all counts against it should be dismissed. Second, the defendants argue that the plaintiff's excessive force claim in violation of the Fourth Amendment should be dismissed against Lackawanna County for failure to state a plausible claim for relief. Third, the defendants allege that claims brought against Deputy Sheriff Ehnot in his official capacity should be dismissed due to the redundancy of the claims asserted against Lackawanna County. Fourth, the defendants contend that the plaintiff has failed to state plausible claims for relief concerning his §§ 1983 and 1985 claims for conspiracy. Finally, the defendants additionally argue the plaintiff has failed to state a plausible claim for relief concerning *Monell* liability. We will analyze each argument individually.

## A.    The Lackawanna County Sheriff's Department

We need not analyze the defendants' contention that the Lackawanna County Sheriff's Department is an improper defendant. The plaintiff does not object to the dismissal of the Sheriff's Department from the instant action. (Doc. 13, at 4). Therefore, Counts II, IV, VI, and IX will be dismissed.

## B.    Claims brought against Deputy Sheriff Ehnot in his Official Capacity

The defendants additionally move to dismiss all claims under § 1983 against Deputy Sheriff Ehnot in his official capacity. The "Supreme Court has stated that a suit under section 1983 against a municipal officer in his or her official capacity is, in actuality, a suit against the municipality that the officer represents; an official capacity suit is essentially treated as a suit against the entity itself." *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 265 (E.D. Pa. 2001) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). These types of claims against a municipal officer in his or her official capacity are often dismissed. *See Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423, 432 (E.D. Pa. 1998) (dismissing claims against officials in their official capacities); *see Estate of Tyler ex rel. Floyd v. Grossman*, 108 F. Supp.

3d 279, 289 (E.D. Pa. 2015) (dismissing state officials' official capacity claims after relevant claims were dismissed against the municipal entity); *Fitzgerald v. Martin*, No. 16-3377, 2017 WL 3310676, at *6 (E.D. Pa. Aug. 3, 2017) (dismissing official capacity claims against the municipality because the claims were duplicative).

Indeed, the plaintiff does not dispute this assertion, as his cited case, *Hafer v. Melo*, 502 U.S. 21 (1991), acknowledges that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer*, 502 U.S. at 25 (citing *Graham*, 473 U.S. at 165). In other words, "[s]uits against state officials in their official capacity therefore should be treated as suits against the State." *Id.* (quoting *Graham*, 473 U.S. at 166). The plaintiff, however, attempts to use this case to assert his ability to sue Deputy Sheriff Ehnot in his personal capacity, rather than his official capacity. *See* (Doc. 13). Nonetheless, the defendants do not dispute this claim; they merely argue the Deputy Sheriff's official capacity claims are barred. Therefore, we will dismiss the plaintiff's § 1983 claims against Deputy Sheriff Ehnot in his official capacity.

## C.   Conspiracy Claims Under §§ 1983 and 1985

The defendants further move to dismiss the plaintiff's claims against Deputy Sheriff Ehnot and Lackawanna County for failure to state plausible claims for relief under §§ 1983 and 1985. We will analyze § 1983 and § 1985 separately.

A plaintiff must prove that "persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights" to prevail on a conspiracy claim under § 1983. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970)). "[T]he rule is clear" that plaintiffs "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Id.* (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009)). A § 1983 claim for conspiracy to violate federally-protected rights must be pleaded with particularity. *See Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 281 (M.D. Pa. 2015). A plaintiff must plead an actual agreement between the parties, *Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, 137 (3d Cir. 2011), as "[m]ere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." *Rogers v. Mount Union Borough ex rel. Zook*, 816 F. Supp. 308,

314 (M.D. Pa. 1993). "As 'the linchpin for conspiracy is agreement,' concerted action, without more, cannot suffice to state a conspiracy claim." *Watson*, 436 F. App'x at 137 (citations omitted). "[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003). In the absence of direct proof, a "meeting of the minds" or "understanding or agreement to conspire" can be "infer[red] from" circumstantial evidence. *Jutrowski*, 904 F.3d at 295 (quoting *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)). In the context of conspiracy among police officers, circumstantial evidence may manifest as "'conversations' between officers about the incident, 'allegedly distorted' stories that 'emerged,' an 'awareness of conflicting stories' and 'irregularities in the series of official investigations' into the incident." *Id.* (quoting *Hampton v. Hanrahan*, 600 F.2d 600, 627–28 (7th Cir. 1979), *rev'd in part on other grounds by Hanrahan v. Hampton*, 446 U.S. 754 (1980)).

Here, we find that the plaintiff has failed to allege any facts outside of conclusory statements that can infer a conspiratorial

agreement, either directly or through circumstantial evidence. The plaintiff has failed to provide any direct proof of an agreement, and moreover, any evidence that may indirectly suggest an agreement. The plaintiff argues that defendant Ehnot's actions were "implicitly endorsed" by the County, therefore satisfying the necessary "meeting of the minds" requirement for a § 1983 conspiracy claim. (Doc. 13, at 9). The complaint alleges that Ehnot, the Sheriff's Department, and the County all acted in concert under color of state law to deprive the plaintiff of his constitutional rights. (Doc. 1-1, ¶¶ 142-143). However, these allegations simply reflect conclusory statements that a conspiracy existed, and "[s]tating that the defendants 'conspired' and 'acted in concert' is not equivalent to pleading a conspiracy with sufficient factual matter to state a plausible claim upon which relief can be granted." *Schneller v. Philadelphia Newspapers Inc.*, 577 F. App'x 139, 143 (3d Cir. 2014) (per curiam); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). Therefore, based on the facts alleged in the complaint, viewed in the

light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state plausible § 1983 conspiracy claims against defendant Ehnot and the County.

We find the plaintiff's conspiracy claims under § 1985(3) fail for similar reasons. In order to plead a conspiracy under § 1985(3), a plaintiff's complaint must plausibly allege: "(1) a conspiracy; (2) for the purpose of depriving a person or class of persons equal protection under the law or equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) injury to the plaintiff's property or his person, or deprivation of a right or privilege of a U.S. citizen." *McArdle v. Hufnagel*, 588 F. App'x 118, 120 (3d Cir. 2014) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). Nevertheless, as we held with the plaintiff's § 1983 conspiracy claims, the plaintiff has failed to "set forth facts from which a conspiratorial agreement between the defendants can be inferred." *Parrott v. Abramsen*, 200 F. App'x 163, 165 (3d Cir. 2006) (per curiam). The plaintiff has both failed to provide direct evidence of a conspiracy or circumstantial evidence that infer a

"meeting of the minds" or "understanding or agreement to conspire."[2] *Jutrowski*, 904 F.3d at 295. As stated above, simply alleging that defendants may have conspired is not equivalent to pleading a "conspiracy with sufficient factual matter to state a plausible claim upon which relief can be granted." *Schneller*, 577 F. App'x at 143. Therefore, we find that the plaintiff has additionally failed to allege sufficient facts to satisfy the first element of a § 1985(3) claim, and thus, we will dismiss both § 1985(3) claims against the defendants.

### D.    *Monell* Liability

The plaintiff alleges a *Monell* liability claim against the County. "On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991). In *Monell v. Department of Social Services,* 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Id.* at 690. Lackawanna County is such

---

[2] *See, e.g.,* "'conversations' between officers about the incident, 'allegedly distorted' stories that 'emerged,' an 'awareness of conflicting stories' and 'irregularities in the series of official investigations' into the incident." *Id.* (citations omitted).

a municipality subject to liability as a "person" under § 1983. *See id.* at 694; *Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013).

But "[u]nder *Monell*, a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a municipality can only be liable under § 1983 if the alleged unconstitutional conduct either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Jiminez*, 503 F.3d at 249. "A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984).

When looking at the record before us, the plaintiff has failed to adequately allege a policy or custom that resulted in the alleged Fourth Amendment violation. The plaintiff contends that his complaint is "fortified by detailed allegations of an established policy or custom of permitting excessive force" (Doc. 13, at 11), and yet, our review of the complaint reflects that the plaintiff has not alleged the specific written policies or customs which he alleges the County failed to follow. We cannot accept the plaintiff's allegations that "[t]he County established and/or approved written policies and training programs governing its officers' conduct" as anything more than general conclusory allegations. (Doc. 1-1, ¶ 107); *see McTiernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (finding that plaintiff failed to allege a policy or custom when his rights were violated "due to the City's policy of ignoring First Amendment right[s]"); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (ruling "vague assertions" of policy or customs cannot support a *Monell* claim); *Szerensci v. Shimshock,* No. CV 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) (finding no factual support for a *Monell* claim as it fails to "plausibly allege a policy, custom, or practice."). Indeed, the plaintiff's argument can be better categorized as

one attempting to hold the County liable for a failure to train, monitor, or supervise its officers under *Canton* liability,[3] as the plaintiff has additionally claimed in Count VII.[4] The defendants have not, however,

_____

[3] This type of liability stems from *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989), where the Court held that a policy or custom may exist for purposes of *Monell* liability where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" *Bd. of County Comm'rs of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 404 (1997) (quoting *Canton*, 489 U.S. at 417–18). We find that many of the plaintiff's allegations fit into this category. *See* (Doc. 1-1, ¶ 111) (alleging that the "[t]he County failed to take proper measures to ensure the safety of arrestees and/or detainees by its officers…"); *See also* (*id.*, ¶ 113) (listing eight failures of the County's policies and training programs, such as the failure to "[p]rovide supervision and/or training in handling a detainee and/or arrestee.").

[4] While the plaintiff has asserted claims for both *Monell* liability and *Canton* liability, we must note that *Canton* liability is merely a subsection of *Monell* liability. Nonetheless, the plaintiff separates these two claims in his complaint against the defendants, and thus we will analyze the two independently for purposes of the underlying action. Therefore, we will treat the plaintiff's *Monell* claim as one necessitating that a plaintiff prove that their injury was caused by "action pursuant to official municipal policy," *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978), including the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Id.* The plaintiff's *Canton* liability claim will, in turn, be treated as one where the defendants' failure to train must amount to "deliberate indifference to the rights of persons with whom the [untrained

*(continued on next page)*

moved to dismiss this count in their motion to dismiss. Therefore, we need not address the plaintiff's *Canton* liability claim in this memorandum.

### E.    Excessive Force Claim in Violation of the Fourth Amendment

The defendants move to dismiss the plaintiff's Fourth Amendment excessive force claim against Lackawanna County in Count III. While the plaintiff attempts to argue otherwise, we agree with the defendants' categorization that the plaintiff argues for liability against the County under a theory of *respondeat superior*.[5] The Supreme Court has, however, consistently rejected the notion that a municipality can be held liable under § 1983 solely because it employs a tortfeasor. *See Bd.*

---

employees] come into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). We hold that *Canton* claims additionally include any absence of policy for purposes of the underlying lawsuit. *See Redclift v. Schuylkill Cnty.*, No. 4:21-CV-1866, 2022 WL 3973819, at *8 (M.D. Pa. Aug. 31, 2022) (finding the lack of appropriate policies became so "wide-spread and pervasive" that it constituted a custom); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (recognizing that the failure to promulgate policies can lead to *Monell* liability).

[5] *See* (Doc. 101, ¶ 81, 82) ("At the time Plaintiff encountered Ehnot … Ehnot was within the scope of his employment with the County. Therefore, when Plaintiff encountered Ehnot, … Ehnot was acting under color of state law for the County.").

*of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694–95 (1978). Therefore, we must reject the plaintiff's argument in Count III of the underlying motion. We will dismiss this claim.

## IV.    Conclusion

For these reasons, we will grant the defendants' partial motion to dismiss for failure to state a claim under 12(b)(6) of the Federal Rules of Civil Procedure in its entirety. (Doc. 4).

The following claims are dismissed: (1) Counts II, IV, VI, and IX against the Lackawanna County Sherriff's Department; (2) Count I against Deputy Sheriff John P. Ehnot in his official capacity; (3) Count VIII against Deputy Sheriff John P. Ehnot; and (4) Counts V and X against Lackawanna County. We will grant leave to file an amended complaint on Counts V, VIII, and X.

The following claims remain: (1) Count I against Deputy Sheriff John P. Ehnot in his personal capacity; (2) Count III against Lackawanna County; and (3) Count VII against Lackawanna County.

An appropriate order follows.

Dated: February 24, 2025            *s/Joseph F. Saporito, Jr.*
                                    JOSEPH F. SAPORITO, JR.
                                    United States District Judge